THE STATE, THOMAS WINSOR AND OTHERS, PROSECUTORS v. JOSEPH DONAHAY, COLLECTOR OF THE TOWNSHIP OF HOWELL.

1. On a *certiorari* to set aside an assessment imposed by a meeting of the taxable inhabitants of a school district, (*Nix. Dig.* 780) the court will not decide the legal existence of such corporation, or the legality of the election or appointment of the persons who acted as trustees to incorporate the district.

2. The certificate of the trustees of the proceedings of a meeting to order money to be raised by taxation, need not set forth the places at which the notices of the meeting were set up; if in the words of the act, "in at least three public places in said district," it is sufficient.

On *certiorari*. In matter of assessment for schools in school district No. 6, in the township of Howell.

For the prosecutors, *A. C. McLean.*

For defendant, ―――― ――――.

The opinion of the court was delivered by

ELMER, J. This *certiorari* is prosecuted to procure a reversal of the tax imposed by a meeting of the taxable in―

habitants of West Farms school district, No. 6, held on the twenty-fourth day of May, 1862. The district, it appears, was incorporated by means of a certificate of three persons, acting as trustees, and the town superintendent, dated May 13th, filed and recorded on the same day. It is now objected that one of these trustees was not elected by the inhabitants of the district, but was appointed by the other two to fill a vacancy. This involves the question, whether the corporation had a legal existence, and cannot be tried in this collateral way. *State* v. *Van Winkle*, 1 *Dutcher* 73.

Another objection to the proceeding is, that the certificate, signed and sworn to by the trustees, and delivered to the assessor, does not set forth the places at which the notices of the meeting were set up, but only, in the words of the act, " in at least three public places in said district." This was, in my opinion, a sufficient compliance with the act, and brings the case within the decision of the Court of Errors in *Hardcastle* v. *The State*, 3 *Dutcher* 352. It is also shown, by the proof, at what places the notices were in fact set up, and that they were the three most public places in the district.

The assessment must be affirmed.

CITED in *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 202.